**In re CROCKER (two cases).**

**Nos. 5438, 5773.**

District Court, N. D. California, N. D.

Dec. 15, 1934.

Thomas B. Leeper, of Sacramento, Cal., for debtors.

T. L. Chamberlain, of Auburn, Cal., for Placer County Bank.

ST. SURE, District Judge.

Julia A. Crocker was the owner of a life estate in a certain ranch in Placer county, in which her three children, Reader W. Crocker, Laura M. Bath, and Ethel L. Packard, held the remainder. Sale of the property under a deed of trust executed by all of the parties mentioned to the Placer County Bank of Auburn was noticed for June 29, 1934. On June 28, 1934, Julia A. Crocker, in her own behalf, filed a petition for extension of time to pay debts under section 75 of the Bankruptcy Act (11 USCA § 203), and thereafter, on July 3, 1934, Judge Louderback issued a restraining order reading in part as follows:

"It appearing from the Petition and Schedules on file in the above-entitled matter that the Placer County Bank of Auburn, California, has a trust deed upon eight hundred and fifteen (815) acres of land, described in said Petition, and it further appearing that said bank is about to sell said land under foreclosure proceedings;

"It is therefore ordered that said Placer County Bank of Auburn, California, be, and they are hereby restrained from selling said land under said deed of trust until the further order of this court."

Said three children, on August 24, 1934, deeded their interest to Julia A. Crocker, and on September 3d, following, Julia A. Crocker deeded the remainder to Reader W. Crocker, retaining a life estate to herself. Julia A. Crocker died on October 18, 1934, and, on the following day, the Placer County Bank of Auburn, under said notice of sale given by virtue of the powers contained in the deed of trust, which sale had been restrained by this court but continued to October 19, 1934, sold the property. Thereafter, on October 23, 1934, Reader W. Crocker filed a debtor's petition under section 75 of the Bankruptcy Act.

A motion has been filed in each case to set aside the sale on the ground that it is in violation of the restraining order of July 3d.

Inasmuch as the restraining order was made by Judge Louderback, I have conferred with him about the motions now before the court, and, after consideration, we are of the opinion that since the life estate which was the subject of the restraining order terminated on the death of Julia A. Crocker, said order thereupon became functus officio. It is therefore ordered that the motions to set aside said sale be, and the same are, hereby denied.